**The document below is hereby signed.**

**Dated: April 20, 2012.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
SUSAN MARIE VERES,             )    Case No. 12-00213
                               )    (Chapter 13)
              Debtor.          )    Not for Publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE MOTION TO EXTEND/IMPOSE AUTOMATIC STAY

The court held a hearing on the debtor's *Motion for Emergency Hearing and to Extend/Impose Automatic Stay* on April 20, 2012, and issued an oral decision to deny the request to extend or impose the automatic stay.  It may have been error to assume in that oral decision that the stay would terminate under 11 U.S.C. § 362(c)(3) on Sunday April 22, 2012, as the 30th day after commencement of the case.  *See* Fed. R. Bankr. P. 9006(a)(1)(C) (rule regarding deadlines falling on a weekend or legal holiday being extended to the next business day); *Bartlik v. United States Dept. of Labor*, 62 F.3d 163, 166 (6th Cir. 1995) (overruling a prior decision holding that Fed. R. Civ. P. 6(a), the analog of Rule 9006(a)(1), being *a rule*, could not change a deadline date set by *a statute*).  Putting aside the findings and

conclusions that rested on that assumption, however, the
remaining findings and conclusions still require that the
automatic stay ought not be extended.  The debtor was unable to
be present on April 20, 2012, to testify, and might have been
able to testify if the hearing (as she requested) had been held
on April 23, 2012, instead, but she was allowed to proffer the
evidence that she believed supported her motion.  Even if the
debtor's proffers of evidence are accepted as though they were
testimony received into evidence, the record does not warrant
extending the automatic stay.  Supplementing the oral decision, I
add the following.

    Because the debtor's prior case was dismissed for failure to
file required documents, the debtor bears the burden of proving
by clear and convincing evidence that she has proceeded in good
faith.  11 U.S.C. § 362(c)(3)(C)(i)(aa).  Even if subjectively
the debtor has proceeded in good faith, it is not clear that
objectively the debtor has proceeded in good faith, and, in any
event, the decision whether to extend the automatic stay is
discretionary.

    By reason of the earlier case and the debtor's failure to
make monthly payments in the prior case and during the pendency
of this case, creditors are worse off, with no evidence that the
debtor could reasonably promptly restore the status quo regarding
the amount of arrears that existed when she commenced the prior

case.   That would have been a basis for lifting the stay in the
earlier case had the earlier case not been dismissed and if it
were still pending.   That weighs heavily in favor of not
extending the automatic stay in this new case.

The debtor's conduct and circumstances evidence an
inability to attend to this case in a way that it will succeed.
The debtor failed timely to file papers in the preceding case,
leading to delay of the case to the prejudice of creditors, and
when her delinquency reached 45 days, that led to a dismissal
under 11 U.S.C. § 521(i).   She has not timely filed a statement
of financial affairs in this case.   She has proposed a plan that
provides for a level of plan payments to cure arrears:

- that is inadequate in amount to pay the arrears
  (calculated based on the debtor's proffer of
  evidence) that need to be cured under the plan,
  and

- that is plainly not feasible at this juncture
  based on her net disposable income.

Even after being warned when her prior case was dismissed that
she would need to promptly file any motion to extend the
automatic stay in any new case, she filed her emergency motion
only the last business day before the day on which the stay would
terminate under § 362(c)(3).   The court would have been justified
to decline to hear her motion at all on such short notice to

3

creditors.  The debtor's failure to make monthly payments to her
secured creditors in this case is evidence that the plan calling
for maintaining monthly payments is not feasible.  She is unable
to afford counsel, and has been unable to pay the filing fee in
this case other than via installment payments, again raising
doubts that a plan would be feasible.

To propose a feasible plan would require the debtor to
obtain employment that she has been unable to obtain since July
of last year, and her proffer regarding her hope of obtaining
employment in September 2012 is quite speculative.  In any event,
if she obtained employment in September, that would still leave
her unable to pay even one-half of one-sixtieth[1] of the arrears
owed her secured creditors (plus the trustee's commission and
amounts required to be paid monthly on priority claims) during
each of the months leading up to her obtaining employment,
raising a serious doubt that any plan calling for such minimal
cure payments during those months could be viewed as providing
for a cure within a reasonable period of time as required by 11
U.S.C. § 1322(b)(5).

Accordingly, it is

---

[1]  Sixty months is the maximum duration of a plan.  The
point is that the debtor is unable to commence paying even
one-sixtieth of the arrears each month, assuming that a 60-month
cure would be reasonable.

ORDERED that the *Motion for Emergency Hearing and to Extend/Impose Automatic Stay* is granted in part as to the request to hold an emergency hearing (by holding an emergency hearing on April 20, 2012, but not on April 23, 2012, as requested by the debtor) and is otherwise denied, with the consequence that the request to extend or impose the automatic stay is denied.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

R:\Common\TeeLSW\Judge Teel Docs\Tesev (Susan) Mem Dcsn & Order re 362(c)(3).wpd